ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
California Bar No. 149883
Assistant United States Attorney
Chief, Asset Forfeiture Section
P. GREG PARHAM
California Bar No. 140310
KATHARINE SCHONBACHLER
California Bar No. 222875
Assistant United States Attorneys
    Federal Courthouse, 14th Floor
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213)894-6528/3172
    Facsimile: (213)894-7177
    E-Mail:    Steven.Welk@usdoj.gov
               Greg.Parham@usdoj.gov
               Katie.Schonbachler@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CV 09-1731 PSG (JWJx) |
| Plaintiff, | **DECLARATION OF AUSA STEVEN R. WELK IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; EXHIBITS** |
| v. | |
| $1,802,651.56 IN FUNDS SEIZED FROM E-BULLION, ET AL., | |
| Defendants. | DATE:  July 23, 2012<br>TIME:  1:30 pm<br>CTRM:  Roybal 880 |
| GOLDFINGER COIN & BULLION, INC.; GOLDFINGER BULLION RESERVE CORP., | |
| Claimants. | |

///

///

I, Steven R. Welk, declare:

1. I am an Assistant United States Attorney for the Central District of California and the attorney primarily responsible for the representation of the United States of America in this action. I have personal knowledge of the following facts and, if asked to do so, I could and would testify competently thereto. This declaration is offered in support of the government's motion for summary judgment.

2. On January 18, 2012, I, together with AUSA Greg Parham, met in person with George Newhouse, attorney for claimants, at Mr. Newhouse's office. During the meeting, I advised Mr. Newhouse that the government intended to move for summary judgment in this case, and the bases for the government's intended motion.

3. Attached hereto as exhibit W1 are true and correct copies of excerpts of the deposition testimony of former claimant James Fayed, who was deposed in this matter both as an individual and as the person most knowledgeable for current claimants GCB and GBRC, and former claimant E-Bullion, Inc., on six separate dates during 2010 and 2011 (November 10 and 17, 2010; July 28, 2011; and August 9, 23 and 24, 2011).

4. Attached hereto as exhibit W2 are true and correct copies of excerpts of the deposition testimony of Glenn Dickinson, Esq., which deposition was conducted on November 2, 2011.

5. On or about August 24, 2011, the government, James Fayed and the Goldfinger entities entered into a stipulation by which the parties agreed that the government was be allowed to take custody of all computer servers belonging to the Goldfinger entities in the possession, custody and control of the company Equinix or its affiliates in Switzerland. The stipulation further authorized the government to transport the servers back to the United States and search them in

order to recover any and all data stored thereon. Attached hereto as exhibit W3 is a true and correct copy of the stipulation and authorization.

6. Attached hereto as exhibit W4 is a true and correct copy of FinCEN Ruling FIN-2008-R007, in which a company operating a debit/stored value card system that was virtually identical to that operated by the Goldfinger entities was found to be a money services business and subject to the registration requirement of 31 U.S.C. § 5330.

7. Attached hereto as exhibit W5 is a true and correct copy of a December 12, 2007 memorandum from Joshua Best (an associate at Glenn Dickinson's firm) that was distributed to Gary Lincenberg, Dickinson, Fayed and Brooks concerning the application of statutory and regulatory provisions of federal law to the Goldfinger entities. Exhibit W5 was attached as exhibit 59 to the Dickinson deposition.

8. Attached hereto as exhibit W6 is a true and correct copy of a December 12, 2007 memorandum prepared by Dickinson and distributed to Fayed and Brooks (with a copy to Lincenberg), which provided specific recommendations to the Goldfinger entities with respect to BSA compliance issues. Exhibit W6 was attached as exhibit 60 to the Dickinson deposition.

9. Attached hereto as exhibit W7 is a true and correct copy of a January 3, 2008 memorandum prepared by Dickinson to Goldfinger concerning BSA compliance measures. Exhibit W7 was attached as exhibit 61 to the Dickinson deposition.

10. Thereafter, Dickinson continued to encourage Fayed to register the Goldfinger entities with FinCEN, sending emails to Fayed on July 9 and 24, 2008 urging him to complete the registration form or provide Dickinson with the information necessary for him to do so. True and correct copies of those email communications are attached hereto as exhibit W8, and were attached to the Dickinson deposition as exhibit 62.

11. Attached hereto as exhibit W9 is a true and correct copy of a declaration of James Fayed filed in support of claimants' suppression motion in this case on March 9, 2012 (DN 109-3).

12. Attached hereto as exhibit W10 is a true and correct copy of a declaration of Scott Layton filed in support of claimants' suppression motion in this case on March 9, 2012 (DN 109-4).

12. Attached hereto as exhibit W11 are true and correct copies of the following sections of the California Financial Code effective during the relevant period in this case and referenced in the government's memorandum of points and authorities: 1800.3; 1800.5; 1801.1; 1802.2; 1802.8.

13. Attached hereto as exhibit W12 is a true and correct copy of a declaration filed by Pamela Fayed in October 2007 in the California state court marital dissolution case to which she was a party.

14. Attached hereto as exhibit W13 are true and correct copies of the California Felony Complaint in the case *People v. James Michael Fayed* (Los Angeles Superior Court Case No. BA346352), filed September 15, 2008, in which Fayed was formally charged with the murder of Pamela Fayed on or about July 28, 2008; the California state court minute order in *Fayed* reflecting that Fayed was convicted on May 19, 2010 of the first degree murder of Pamela Fayed, with special circumstances; the California state minute order in *Fayed* reflecting that Fayed was sentenced to death on November 17, 2011, as a result of his murder conviction.

///

///

15. Attached hereto as exhibit W14 is a true and correct copy of an August 16, 2007 email from Glenn Dickinson to Joshua Best, provided to the government in discovery by claimants and numbered Fayed 0044.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 21st day of May, 2012 in Los Angeles, California.

/s/ Steven R. Welk
STEVEN R. WELK
Assistant United States Attorney