1  ANDRÉ BIROTTE JR.
   United States Attorney
2  ROBERT E. DUGDALE
   Assistant United States Attorney
3  Chief, Criminal Division
   STEVEN R. WELK
4  California Bar No. 149883
   Assistant United States Attorney
5  Chief, Asset Forfeiture Section
   P. GREG PARHAM
6  California Bar No. 140310
   KATHARINE SCHONBACHLER
7  California Bar No. 222875
   Assistant United States Attorneys          E-FILED 7/30/2012
8       Federal Courthouse, 14th Floor                JS-6
        312 North Spring Street
9       Los Angeles, California 90012
        Telephone: (213)894-6528/3172
10      Facsimile: (213)894-7177
        E-Mail:   Steven.Welk@usdoj.gov
11                Greg.Parham@usdoj.gov
                  Katie.Schonbachler@usdoj.gov
12
   Attorneys for Plaintiff
13 United States of America

14
                     UNITED STATES DISTRICT COURT
15
                FOR THE CENTRAL DISTRICT OF CALIFORNIA
16
                          WESTERN DIVISION
17
   UNITED STATES OF AMERICA,     )  NO. CV 09-1731 PSG (JWJx)
18                               )
             Plaintiff,          )  [PROPOSED]
19                               )
             v.                  )  **CONSENT JUDGMENT OF FORFEITURE**
20                               )
   $1,802,651.56 IN FUNDS SEIZED )
21 FROM E-BULLION, ET AL.,       )
                                 )
22           Defendants.         )
   _____)
23 GOLDFINGER COIN & BULLION,    )
   INC., et al.                  )
24                               )
             Claimants.          )
25 _____)

26

27 / / /

28 / / /

   / / /

Plaintiff United States of America ("plaintiff" or the "government") and claimants Goldfinger Coin & Bullion, Inc. ("GCB") and Goldfinger Bullion Reserve Corp. ("GBRC") (collectively, "Claimants"), through their counsel, have made a stipulated request for the entry of this Consent Judgment, resolving this action in its entirety.

### Background Facts

This action was commenced on March 12, 2009. (DN 1). Notice was given and published in accordance with law. On May 1, 2009, verified claims were filed by GBRC, GCB, E-Bullion, Inc., James Fayed ("Fayed"), and the Estate of Pamela Fayed ("the Estate") (collectively, the "original Claimants"). (DN 7-11). The original Claimants, represented by Brown White & Newhouse, LLP, filed their answers on September 24, 2009. (DN 28-32). No other claims or answers were filed and the time for filing claims and answers has expired.

The defendant assets included $1,894,559.69 seized on August 12, 2008 from Bank of America ("BofA") account no XXXXX-X7358 in the name of GCB[1]; $8,715.62 seized on August 14, 2008 from BofA account no XXXXX-X7356 in the name GCB; $37,303.36 seized on August 14, 2008 from Wells Fargo Bank ("WFB") account no XXX-XXX5942 in the name of GCB; $70,810.88 seized on August 14, 2008 from WFB account no XXX-XXX3735 in the name of GCB; $560,680.07 seized on August 14, 2008 from BofA account no XXXXX-X1905 in the name of GCB; $2,279,111.69 seized on August 14, 2008 from BofA account no XXXXX-X9713 in the name of GCB; $165,840.19 seized on

---

[1] The full account numbers have been redacted pursuant to Local Rule 79-5.4.

2

September 11, 2008 from BofA account no XXXXX-X7355 in the name of GCB; $472,228.34 seized on July 22, 2009 from Wells Fargo Bank account #XX9326CHF maintained in the Cayman Islands by GCB; currency and items of personal property seized from the offices of the Goldfinger entities located on Flynn Road in Camarillo, California, and listed in pages 21 through 34 of Exhibit A to the First Amended Complaint ("FAC"); and items seized from a residence on Baja Vista Way in Camarillo, which were listed on page 35 of exhibit A to the FAC.

On February 3, 2010, entry of default was entered by the Clerk as to the defendant $1,802,651.56 in funds seized from E-Bullion, Inc., as to which no claim had been filed. (DN 39). Default judgment was entered against that asset on August 20, 2010. (DN 52).

On August 3, 2011, the government filed a First Amended Complaint ("FAC") (DN 87) pursuant to an order of August 2, 2011 (DN 86). The original Claimants filed their answers to the FAC on August 17, 2011. (DN 88-92). On January 24, 2012, attorneys Jeff Berke and Kenneth Kossoff substituted into the case as counsel for the Estate. (DN 100). On February 29, 2012, the parties submitted a stipulation asking the Court to dismiss the defendant assets that had been seized from the Baja Vista Way residence and the defendant assets that had been seized from Fayed's office on Flynn Road. The February 29, 2012 stipulation also resulted in the withdrawal from the case of Fayed, E-Bullion, Inc., and the Estate. (DN 104). The Court approved the dismissal and withdrawal in an order of March 1, 2012, leaving GBRC and GCB as the sole remaining claimants. (DN 105).

On October 7, 2010, the Commonwealth Director of Public Prosecutions (part of the government of Australia) ("the CDPP") filed an action in the Supreme Court of Western Australia pursuant to §§ 25 and 59(1) of the Australian Proceeds of Crime Act 2002 (the "Act"), seeking relief under §§ 19(1) and 49(1) of the Act respectively. Specifically, by way of an ex parte application the CDPP sought to restrain an account with the Perth (Australia) Mint, entitled *Goldfinger Bullion Reserve Corporation Account SEC579*, to the credit of which account stood a quantity of gold and silver bullion and a sum of United States Dollars. On an *inter partes* application the CDPP sought to forfeit the property standing to the credit of that account(the "Australian Litigation"). With effect from 30 March 2012 the Commissioner of the Australian Federal Police (also part of the government of Australia) was substituted in the Australian Litigation as applicant, in lieu of the CDPP, pursuant to §.315B of the Act. The Respondents in the Australian Litigation are GCB, GBRC, Fayed and the Estate.  The United States is not a party to the Australian Litigation.

The application to forfeit the property remains pending in the Australian Litigation, but is expected to be resolved simultaneously with this action.  Specifically, in the Australian Litigation, the Australian government has agreed (pursuant to a Consent Order to be presented to the Supreme Court of Western Australia) to release USD $5.1 million (the "Australian Settlement Funds") to Respondents' legal representative in the Australian Litigation, pursuant to § 29(1) of the Act.

4

The Court, having considered the stipulation of the parties, and good cause appearing therefor, **HEREBY ORDERS, ADJUDGES AND DECREES**:

1. The government has given and published notice of this action as required by law, including Supplemental Rule G for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, and the Local Rules of this Court. No claims or answers were filed other than those listed above, and the time for filing claims and answers has expired. This Court has jurisdiction over the parties to this judgment and the defendant assets remaining in this case. Any potential claimant to the remaining defendant assets other than the original Claimants is deemed to have admitted the allegations of the first amended complaint with respect to these assets.

2. The government shall have judgment as to the defendant assets, and each of them, which are hereby forfeited and condemned to the United States, and no other right, title or interest shall exist therein. The government shall dispose of the forfeited property according to law.

3. The U.S. Attorney's Office for the Central District of California (the "USAO") has agreed that it shall recommend to the Attorney General of the United States (and to his designee, the Chief of the Asset Forfeiture and Money Laundering Section, Criminal Division, Department of Justice) that the defendant assets be distributed according to the remission process authorized by 18 U.S.C. §981(d) ("The Attorney General shall have sole responsibility for disposing of petitions for remission or mitigation with respect to property involved in a judicial

5

forfeiture proceeding."). The remission process allows the government to compensate victims of crime and non-culpable individuals whose property is involved in crime, and is governed by the regulations set out at 28 C.F.R. Part 9. Specifically, the USAO shall recommend that the defendant assets be used -- pursuant to the governing statute and regulations -- to compensate those eligible for remission, including E-Bullion account holders. To the extent that any assets recovered by the Australian government in the Australian Litigation are turned over to the United States, the USAO shall make the same recommendation for disposal of such assets.

4. The United States has agreed that it shall not undertake any efforts to seize or forfeit any portion of the Australian Settlement Funds from any of the Respondents in the Australian Litigation or their counsel in connection with any of the claims made in this action.

5. Claimants have agreed to release the United States of America, its agencies, agents, and officers, including employees and agents of the Federal Bureau of Investigation and the Internal Revenue Service, from any and all claims, actions or liabilities arising out of or related to the seizure and retention of the defendant assets and/or the commencement of this civil forfeiture action, including, without limitation, any claim for attorneys' fees or costs which may be asserted on behalf of Claimants against the United States, whether pursuant to 28 U.S.C. § 2465 or otherwise. This consent judgment is a compromise of the contested claims in this action and is made to avoid further litigation of the claims and defenses of the

6

parties in this action. Nothing in the stipulation requesting entry of this Judgment, or this Judgment, constitutes or is intended to be construed as an admission of any liability or wrongdoing by either of the Claimants.

    6. The Court finds that there was reasonable cause for the seizure of the defendant assets and the institution of this action as to the defendant assets. This judgment constitutes a certificate of reasonable cause pursuant to 28 U.S.C. § 2465 as to the defendant assets.

    7. Each of the parties shall bear its own fees and costs in connection with the seizure of the defendant assets and this action.

DATED: \_7/30\_\_\_\_ , 2012

**PHILIP S. GUTIERREZ**
THE HONORABLE PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE

Presented by:

ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

 /s/ Steven R. Welk
STEVEN R. WELK
P. GREG PARHAM
KATHARINE SCHONBACHLER
Assistant United States Attorneys